MaddeN, Judge,
delivered the opinion of the court:
• The plaintiff, an individual, contracted with the Government to construct abutments, piers, and underpasses on certain United States highways in California. For excavation,, plaintiff was to be paid at specified rates per cubic yard. Paragraph 39 of the specifications, of the contract, quoted in finding 3, provided that, for purposes of payment for excavation, measurement would be made to side slopes of' one to one for common excavation and one quarter to one-for rock excavation:
Provided That, where the character of the material1, cut into is such that it can be trimmed to the required’ lines of the concrete structure and the concrete placed against the sides of the excavation without the use of" intervening forms, payment will be made only for the-excavation within the neat lines of the structure: Provided further, That, for any structure where, in the-opinion of the contracting officer, the conditions warrant, the excavation will be measured for payment to-the most practicable dimensions and lines as staked’, out or otherwise established by the contracting officer * * *
When plaintiff commenced work the contracting officer-staked out the center line and the dimensions of the proposed concrete structures, but did not stake out the excavation slopes, nor give plaintiff any instructions as to the-'slopes. Plaintiff made no request for stakes or instructions- and, of his own motion, excavated to much steeper slopes-than the ones named in the specifications. During the-progress of the work payments were made to plaintiff on monthly estimates of work accomplished. These estimates-, were made by the contracting officer approximately upon the-basis of the amount of excavation actually done by the plain *446 tiff, that is, upon the basis of the steep slopes, and not upon the basis of the slopes named in the specifications. The plaintiff protested verbally to the contracting officer against this method of computing the yardage for payment. He was ■told that his payments would be for amounts actually excavated, and having been so told, continued with the work and •completed it.
Paragraph 37 of the specifications is quoted in finding 7. Plaintiff made no written request for a statement pursuant to paragraph 37, and, of course, received no statement and filed no written objections such as are mentioned in that ■paragraph.
When plaintiff had completed the work he filed a claim with the contracting officer for the difference between the ■payments made on the basis of the contracting officer’s measurements, and the amounts that would have been due had •the contracting officer measured on the basis of the slopes named in the specifications. The contracting officer denied •the claim. The plaintiff appealed to the head of the department, who affirmed the contracting officer’s decision.
The plaintiff claims that according to the contract he was 'entitled to be paid on the basis of the slopes of one to one for common excavation, and one quarter to one for rock ex•cavation, as named in the specifications, since the contracting ■ officer did not bring the situation within the proviso of paragraph 39 by staking out or otherwise establishing dimensions . and lines different from the ones specifically named.
The defendant urges that the contracting officer, by using . actual excavation to steep slopes as the basis for his measurement for monthly estimates, did “otherwise establish” a basis •of measurement for payment within the meaning of the .specifications; that the specifications did not require that the different basis of measurement for payment should be ■ established before any of the work was done.
. We agree with the defendant’s contention on this point. We think that the slopes stated in the specifications were principally intended to be maximum slopes beyond which, if .the plaintiff exceeded them, he could not collect pay for the excess unless the contracting officer authorized the excess. We think that the Government did not contemplate paying *447 for unnecessary excavation, and that when it'was discovered that the condition of the soil was such that steep slopes would stand and would not involve any increased collateral costs or dangers, it would have expected the contracting officer to establish such slopes as the payment slopes. The contracting officer did, in effect, so establish them by adopting them as the basis of measurement for the monthly payments, and by answering plaintiff’s protests with a statement that the Government would continue to pay on that basis. He thereby notified plaintiff that steep slopes, such as plaintiff had, on his own motion, begun to cut, and which had proved satisfactory, were the slopes which would be used for payment. He thereby “established” the method by which the excavations would be measured for payment. Since the plaintiff was paid on that basis, he cannot recover more.
It might be urged that the contracting officer did not establish the basis for payment which was used in compensating plaintiff until after the plaintiff had been at work for the first month of the time spent in the performance of the contract, since his method of measuring the excavations for payment was not brought to the plaintiff’s attention until the contracting officer made his monthly estimate of work accomplished. But no showing has been made as to how much, or what kind, of excavation was done during that first month, so that we would have no basis for determining how much plaintiff should receive, if we were of the opinion that the basis of payment for the first month should be the one which plaintiff contends for for the entire operation.
In view of what we have said, it is unnecessary for us to decide whether the Government’s other defenses, viz., that plaintiff is barred because he did not pursue the- contract procedure of filing a written request and written objections as specified in paragraph 37 of the specifications, quoted in finding 7, and that the decision of the head of the department adverse to plaintiff was final, are meritorious.
Plaintiff’s petition will be dismissed.
It is so ordered.
Whitaker, Judge; Littleton, Judge; and Whaley, (Thief Justice, concur.
Jones, Judge, took no part in the decision of this case.